1.

THE STATE OF NEW JERSEY, DEFENDANT IN ERROR, v. HARRY HAINES, PLAINTIFF IN ERROR.

2.

THE STATE OF NEW JERSEY, DEFENDANT IN ERROR, v. HARRY HAINES, PLAINTIFF IN ERROR.

Submitted January 29, 1927—Decided July 9, 1927.

Crimes—Selling Liquor Illegally—Case Came up on Bills of Exceptions and Assignments of Error Only—There was Only One Exception Taken at the Trial Which Has Been Assigned as Error, Refusal of Trial Judge to Direct a Verdict of Not Guilty—Judgment Affirmed.

On writs of error to the Burlington County Court of Quarter Sessions.

Before GUMMERE, CHIEF JUSTICE, and Justice TRENCHARD.

For the plaintiff in error, *Jonathan H. Kelsey.*

For the defendant in error, *George M. Hillman,* prosecutor of the pleas.

PER CURIAM.

The grand jury of Burlington county found an indictment against Haines, charging unlawful sale of intoxicating liquor on the 4th day of April, 1926, in the first count; the unlawful furnishing of intoxicating liquor on the same date in the second count, and the unlawful possession on the same date in the third count.

The grand jury also returned an indictment against the same defendant charging unlawful sale of intoxicating liquors

on the 20th day of April, 1926, in the first count; the unlawful furnishing of intoxicating liquors on the same date in the second count, and unlawful possession of intoxicating liquors on the same date in the third count.

Both indictments were tried together. The jury found the defendant guilty of unlawful possession on April 4th, 1926, and guilty as charged on April 20th, 1926. The defendant was sentenced on both indictments, and such judgments are brought here for review.

The cases were argued here together. The assignments of error are eight in number and may be readily disposed of.

The cases come up by bills of exceptions on assignments of error only. There was only one exception taken at the trial which has been assigned as error, and the state of the record is such as to limit us to a consideration of that exception. It is: "Because the trial judge refused to direct a verdict of not guilty on both sale and possession on April 4th, 1926." We think there was evidence which required the submission of the question of possession on April 4th, 1926, to the jury. We think it is to be found in the testimony of Robert Burns and Hope Burns. There was no conviction of a sale on April 4th, 1926.

The judgments under review will be affirmed.